UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORREY SELCK,

　　　　　Plaintiff,

　　　v.

ROBERT MATEY, et al.,

　　　　　Defendants.

No.  2:26-cv-00662-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff Morrey Selck is proceeding in this action pro se, which is referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Returns of service have been filed, but no Defendant has yet appeared.  The Court has reviewed the complaint and recommends that the action be dismissed as frivolous and for failure to state a claim.

　　I.　　Analysis

　　A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).  *See Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).  A court may even do so "without notice where the claimant cannot possibly win relief."  *Id.*  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual

1

allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

Plaintiff's complaint is deficient in that it fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. Plaintiff has a pattern of filing defective pleadings in this District, and has filed at least fifteen actions in this District. Findings and Recommendations were recently issued in one of Selck's cases recommending that he be declared a vexatious litigant. *See Selck v. California Dep't of Soc. Servs.*, 2:25-cv-02868-DC-CKD, ECF No. 22. Therein, Magistrate Judge Delaney details that Plaintiff has filed ten prior civil actions, and one habeas action that have concluded. ECF No. 22 at 2. "None of Plaintiff's actions have survived the pleading stage and his habeas petition was denied as untimely and noncompliant." *Id*.

2

Plaintiff also had four other actions pending at that time. *Id.*

In issuing the order, Judge Delaney found that "Plaintiff has consistently brought frivolous claims in this District that have not survived the pleading stage." ECF No. 22 at 9. Judge Delaney's order has not yet been adopted, although Plaintiff did delay the proceedings by filing an improper interlocutory appeal. The Ninth Circuit dismissed the appeal as premature. ECF No. 27.

Here, Plaintiff names sixteen defendants and the factual allegations and claims asserted are difficult to discern. As a basis for jurisdiction, Plaintiff cites to several criminal statutes under Title 18 and Title 10. ECF No. 1 at 6. It's not clear that any of these statutes provide a jurisdictional basis for this civil action. Plaintiff states this is a "notice of lawsuit with future intention in writ for coram nobis." ECF No. 1 at 8. The factual allegations are largely nonsensical or incomprehensible. As one example, Plaintiff alleges that a Defendant "while HIV positive along with felons cloaked as a commercial ambulance and kidnap to smother for tarp over the military dependent mother's face with concocted plan from neutropenic precautions after brain surgery." *Id.* at 9. As a further example: "The Plaintiff is alleging that Trans Union credit reports seen by members of the Air Guard as Tramane Johnson, such that credit damage for Humvee Limousine seen driving around North B Street and then around Sauced Bar B Que in 2020, such that kaiser Roseville in 2021, was last seen in accessory for stalking patient as renegade from euthanizing with litigants known as "Paul and Sons" with 24CV0192227." ECF *Id.* at 24. "Paragraph 2" references another lawsuit, and "Paragraph 3" states that Plaintiff is compelling discovery. *Id.* at 10. Plaintiff's request for relief is unclear, and the concluding sentence of the complaint is: "Plaintiff is demanding Respondeat superior with OTAG." *Id.* at 28.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Plaintiff's complaint entirely fails to comply with Rule 8. It is largely

3

incomprehensible, and does not make specific allegations against the sixteen Defendants to which they can respond.  It also does not contain a clear demand for relief.  The Court further finds the complaint fails to state a claim and contains fanciful allegations that lack an arguable basis in law or fact.  Accordingly, the Court recommends that action be dismissed for failure to state a claim and as frivolous.

The Court has considered whether Plaintiff should be granted leave to amend.  The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").  Here, the Court concludes that granting leave to amend would be futile.  *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").  Futility of amendment is also supported by the fact that Plaintiff has filed numerous other actions that have been dismissed at the pleading stage.

**II.     Conclusion**

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's complaint be dismissed for failure to state a claim and as frivolous; and

2.  The Clerk be directed to enter judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

////

4

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: July 6, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE